**FILED**

OCT 08 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES D. SULLIVAN | : | CIVIL ACTION NO. _____ |
|    Plaintiff | : | COMPLAINT  5:24-CT-3243-M |
| v. | : | |
| UNITED STATES OF AMERICA | : | |
|    Defendant | : | |

JURISDICTION AND VENUE

*1346*

1. This is a civil action authorized by 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675(a) which, under the Federal Tort Claims Act, authorizes an individual to file a FTCA lawsuit in federal court after a federal agency denies an administrative claim.

2. The Eastern District of North Carolina is the appropriate venue under 28 U.S.C. § 1391 because it is where the events giving rise to this claim occurred.

PLAINTIFF

3. Plaintiff James D. Sullivan is and was at all times mentioned herein a prisoner of the United States in the custody of the Federal Bureau of Prisons. He is currently confined at the Elkton Federal Correctional Institution (Low) in Lisbon, Ohio.

DEFENDANT

4. Defendant United States of America at all times mentioned herein employed the persons who injured the Plaintiff.

IV. FACTS

5. In July of 2021, Plaintiff was confined at the Butner Federal Medical Center (FMC) where he was scheduled for a major orthoplastic procedure: the complete replacement of his right knee.

6. Prior to this, in April, 2019, Dr. Thomas Orman, Cardiologist, examined Plaintiff and issued a written medical evaluation which included the following history:

> "He [Plaintiff] has a history of extensive coronary artery desease. He had a MI [Myocardial Infarction] in 2013 followed by angioplasty. In 2014 he had another MI with stenting of the RCA [Right Coronary Artery]. He had a third MI in 2015 when he was found to have a total occlusion of his stent in ;the RCA which he claimed was due to the fact that he did not get Plavix for 2 weeks."

7. Dr. Orman's report indicated that Plaintiff's left ventricular functioning was operating with an ejection fraction of 60%.

8. On March 25, 2021, Dr. Michael Komado, Butner FMC Cardiologist, examined Plaintiff, including Dr. Orman's report, and issued a BOP consult which acknowledged Plaintiff's history of RCA occlusion of his stent when not given Plavix:

> "Old records from cardiology at other facilities,.. indicate that he [Plaintiff] had an MI in 2014. His RCA was stented at that time. Apparently, there was some interruption in his antiplatelet therapy, and sounds like he may have had a stent thrombosis in that setting."

9. Dr. Komado's report noted Plaintiff's currently being on Clopidogrel [Plavix], 75 mg. once daily.

10. Dr. Komado's report recommended:

> "Continued aggressive risk factor modification in in order. With respect to antiplatelet therapy, I would favor discontinuation of Clopidogrel [Plavix] at this point and starting aspirin 81 mg. daily. This will provide adequate antiplatelet therapy and can be maintained through the perioperative time course with a low risk of bleeding."

2

11. On April 6, 2021, Dr. C. Duchesne, Butner FMC Staff Doctor, ordered the discontinuation of Plaintiff's antiplatelet medications, Clopidogrel ⌊Plavix⌋ and Apixaban. No notation in the order was provided for the renewal of these medications post-surgury.

12. On November 11, 2021, Plaintiff suffered an acute heart attack and underwent emergency cardiac catheterization at Duke Regional Hospital which reported a "thrombosis of ⌊the⌋ distal RCA stent...".

13. Catheterization was successful and Plaintiff was transitioned to Clopidogrel ⌊Plavix⌋ while he remained at Duke regional for three days. Duke Cardiologists recommended that Plaintiff be placed on Clopidogrel "for life".

14. Echocardiographic testing at that facility showed that Plaintiff's LVEF ⌊Left Ventricular Ejection Fraction⌋ was reduced to 40%. This damage is considered permanent.

15. Plaintiff mailed a Federal Tort Claim Form 95 to the Bureau of Prisons by certifed mail on October 19, 2023. This claim was denied on March 28, 2024.

V. LEGAL CLAIMS

16. U.S. Bureau of Prison Doctor Komado was negligent when he recommended the indefinate discontinuation of Plaintiff's antiplatelet medications when Dr. Komado knew that Plaintiff had previously suffered a heart attack when these medications had been interrupted for only 2 weeks. U.S. Bureau of Prisons Doctor C. Duchesne was likewise negligent when he ordered the indefinate discontinuation of Plaintiff's antiplatelet medications when review of medical records would have contraindicated such indefinate discontinuation.

3

## VI. PRAYER FOR RELIEF

17. WHEREFORE, Plaintiff respectfully prays that this court award judgment in the amount of $75,000 for the pain, suffering and damages of Plaintiff who was reported by medical staff as:

- experiencing chest pain and pressure, right arm pain, shortness of breath, nauseam and sweating.

- writhing in pain and experiencing pain on a level of 6 out of 10, as well as anxiety, neccesitating the administration of morphine.

- experiencing multiple sub-cutanious interventions.

- suffering the permanent loss of 33% of his heart function.

18. Plaintiff also seeks a jury trial on all issues triable by a jury.

19. Plaintiff also seeks recovery of their costs in this suit, and any additional relilef this Court deems just, proper, and equitable.

Respectfully submitted,

*J. Sullivan* 9-10-2024

James D. Sullivan, pro se
Reg. #63990-060
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

## VERIFICATION

I have read the forgoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be trua. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Lisbon, Ohio on ___September 10, 2024___.

*J. Sullivan*
James D. Sullivan

4